UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00568-FDW

| RICHARD TODD YORK, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| ERIC A. HOOKS, et al., | ) | |
| Respondents. | ) | |

**THIS MATTER** is before the Court upon Richard Todd York's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and Amended Motion to Proceed In Forma Pauperis (Doc. No. 5).

Petitioner is a prisoner of the State of North Carolina. He filed the instant § 2241 Petition in this Court on October 14, 2018. Petitioner is challenging the legality of his state court criminal judgment, which was entered in Guilford County Superior Court in August 2003. (Pet. 3, Doc. No. 1.) Consequently, the Court concluded the Petition should be characterized as a petition for writ of habeas corpus under 28 U.S.C. § 2254, see In re Wright, 826 F.3d 774, 779 (4th Cir. 2016) ("[R]egardless of how they are styled, federal habeas petitions of prisoners who are "in custody pursuant to the judgment of a State court" should be treated as "applications under section 2254."). (Castro Not. 1, Doc. No. 3.) The Court also concluded the § 2254 petition should be transferred to the United States District Court for the Middle District of North Carolina because Guilford County is within its territorial jurisdiction. See 28 U.S.C. § 113(b).

Because it appears Petitioner has not previously filed a § 2254 habeas petition challenging his 2003 judgment, the Court issued a Notice and Order pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), notifying Petitioner of its intent to characterize the § 2241

1

Petition as a § 2254 petition, the applicable statute of limitations, and the limitations on successive habeas petitions. (Castro Not. 2-3.) The Court then ordered Petitioner to file a written document stating whether he agrees or disagrees with the recharacterization of his Petition. The Court notified Petitioner that if he agrees to the recharacterization, he should, concurrent with his notice to the Court, file an amended §2254 petition raising any additional constitutional challenges to his 2003 judgment. The Court also notified Petitioner that it will transfer this action to the Middle District of North Carolina, where venue is proper. Finally, the Court informed Petitioner that if he disagrees with the characterization of his §2241 petition as a §2254 petition, the Court will dismiss this action without prejudice. (Castro Not. 3.)

Petitioner filed a notice on December 18, 2018, that he does not agree to the Court's characterization of his § 2241 Petition as a §2254 petition. (Pet'r's Not. 1, Doc. No. 4.)[1] Accordingly, the Court shall dismiss the instant Petition. Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b).

---

[1] Petitioner asserts that he cannot seek review of the legality of his state court judgment under §2254 because he did not first submit his constitutional claims to the state courts and, therefore, his only recourse is to proceed under § 2241. (Pet'r's Not. 3.) Petitioner refers to §2254's exhaustion requirement. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a petitioner exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A). That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)).

Petitioner is acknowledging that because he has not presented his constitutional claims in the state courts, he cannot meet § 2254's exhaustion requirement. That fact does not allow Petitioner to avoid AEDPA's various procedural requirements and restrictions by seeking relief under § 2241, however. See generally, In re Wright, 826 F.3d 774. Moreover, the exhaustion requirement of § 2254(b) applies to petitions filed pursuant to 28 U.S.C. § 2241. See Francis v. Henderson, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); see also Timms v. Johns, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) is **DISMISSED without prejudice**; and

2. Petitioner's Amended Motion to Proceed In Forma Pauperis (Doc. No. 5) is **GRANTED**.

Signed: January 3, 2019

Frank D. Whitney
Chief United States District Judge