UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00568-FDW

| RICHARD TODD YORK, | ) |
|---|---|
| Petitioner, | ) |
| vs. | ) ORDER |
| ERIC A. HOOKS, et al., | ) |
| Respondents. | ) |

**THIS MATTER** is before the Court upon Richard Todd York's pro se Motion to Reconsider (Doc. No. 9).

Petitioner is a prisoner of the State of North Carolina who initially filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1). The Court subsequently issued a Castro Notice (Doc. No. 3) requiring Petitioner to inform the Court whether he agreed to the characterization of his § 2241 Petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner objected to the Court's construction of his original § 2241 Petition (Doc. No. 4), and the Court dismissed the Petition without prejudice (Doc. No. 7). Petitioner has filed the instant Motion to Reconsider, asking the Court to reinstate his Petition and consider it under § 2241.

Petitioner's post-judgment Motion falls under Rule 59(e) of the Federal Rules of Civil Procedure because it was filed within 28 days of the judgment being entered. See Fed. R. Civ. P. 59(e). The Court may exercise its "discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for

1

new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. International Chemical Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Of those narrow circumstances, the only one potentially applicable here is the third, which allows the Court to correct clear error or prevent manifest injustice. For the following reasons, the Court finds no such error or injustice.

Petitioner wishes to proceed under § 2241 because he believes he cannot meet the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Specifically, he contends that the provisions of N.C. Gen. Stat. § 15A-1419 prevent him from presenting his federal claims in state court, which, in turn, prevents him from exhausting those claims as required by § 2254(b)(1)(A).

However, Petitioner may not proceed under § 2241 because, as stated in the Court's December 3, 2018 Castro Notice and Order, Petitioner is in custody pursuant to a North Carolina state court judgment and must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 rather than § 2241. (Doc. No. 3 at 1) (citing In re Wright, 826 F.3d 774, 779 (4th Cir. 2016) (concluding "that, regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254'")). Because § 2241 is unavailable to Petitioner, his only remaining federal habeas attack on that judgment can come by way of a petition pursuant to § 2254. See In re Wright, 826 F.3d 774 at 780 ("Section 2254, by its terms, . . . 'applies to a person in custody pursuant to the judgment of a State court who is 'in custody in violation of the Constitution or laws or treaties of the United States.'" (quoting Medberry v. Crosby, 351 F.3d 1049, 1059 (11th Cir. 2003) (citation and internal quotation omitted))).

Under § 2254, Petitioner must exhaust "the remedies available in the courts of the State" before this Court may grant his application for a writ of habeas corpus. § 2254(b)(1)(A). However, he may also file a § 2254 petition if he can show "an absence of available State corrective process" precluding him from exhausting his remedies in North Carolina courts or "circumstances exist that render such process ineffective to protect" his rights. 28 U.S.C. § 2254(b)(1)(B)(i)(ii). In other words, Petitioner may file a § 2254 petition without exhausting his state remedies, if he can demonstrate that there is no available State corrective process or that the available State corrective process is ineffective to protect his rights. See id. What is certain is that he may not use a § 2241 habeas petition to attack the state conviction under which he is in custody.

**IT IS, THEREFORE, ORDERED** that Petitioner's pro se Motion to Reconsider (Doc. No. 9) is DENIED.

Signed: September 11, 2019

Frank D. Whitney
Chief United States District Judge